UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HAKIZIMANA and SOUKOUNA,

               Plaintiffs,                   **MEMORANDUM & ORDER**

              - against -                     **08-CV-0251 (RRM) (RER)**

RYM STATIONS-BEDFORD, INC.,

               Defendant.
-----------------------------------------------------------------X

**RAMON E. REYES, JR., UNITED STATES MAGISTRATE JUDGE**:

Defendant's motion for reconsideration of the October 5, 2008 Order (Docket No. 25) is granted in part and denied in part for the following reasons.

1.     <u>Disclosure of Names and Addresses of Employees</u>

Defendant's motion for reconsideration of that aspect of the Order requiring the disclosure of the names and addresses of its employees is denied.

First, defendant failed to object in a timely manner to plaintiffs' interrogatory 13, which called for the disclosure of the names, addresses, and telephone numbers of defendant's employees during the relevant period. When a party fails to object to an interrogatory in a timely manner, it waives any objections thereto, other than those based on a recognizable privilege. Defendant (as opposed to the employees themselves) does not have a privilege against disclosure of such information. Thus, defendant has no basis to challenge the interrogatory or the motion to compel. Therefore, and although not a basis originally adopted for originally granting the motion to compel, defendant is not entitled to reconsideration of the decision on the motion to compel.[1]

---

[1] In this regard, and although not germane to the resolution of the instant motion to reconsider, defendant's repeated assertion that plaintiffs never sought the identification of these employees (*see* Motion to Reconsider at 3) is patently false. The information was clearly

Second, the Court has not overlooked any controlling decisions or facts that were previously raised in opposition to the motion to compel. The purported "controlling decisions" upon which defendant principally relies in seeking reconsideration, *Whalen v. Roe*, 429 U.S. 589 (1977) and *Federal Labor Relations Auth. v. Dep't of Veterans Affairs*, 958 F.2d 503 (2d Cir. 1992), were considered and rejected along with the "other Supreme Court decisions" raised in opposition to the motion to compel. More importantly, those decisions are clearly not "controlling."

Contrary to defendant's assertion, *Whalen* did not broadly hold that in the circumstances presented here "the right to privacy set forth in the Due Process Clause of the Fourteenth Amendment protects an individual's interest in avoiding disclosure of information about personal matters." (Motion to Reconsider at 2.) Rather, the explicit holding in *Whalen* was that New York State's collection of the names and addresses of all persons who obtained doctor's prescriptions for certain drugs for which there was a lawful and unlawful market did "*not* establish an invasion of any right or liberty protected by the Fourteenth Amendment." 429 U.S. at 606. Nothing even close to the situation in *Whalen* is present here, and *Whalen* therefore is inapposite.

*Federal Labor Relations Auth.* involved the disclosure of the names and addresses of federal employees under the Privacy Act, 5 U.S.C. § 552a, and Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The specific issue in that case was "whether individuals' right of privacy in their names and home addresses *contained in government files* outweighs the public interest in the disclosure of this information." 958 F.2d at 504. Of course, neither the Privacy

---

requested in plaintiffs' interrogatory 13. Defendant is hereby warned that making patently false arguments in the future will lead to sanctions.

Act nor FOIA are implicated here as the information sought to be disclosed is not contained in government records.[2]  *Federal Labor Relations Auth.* simply has no bearing on this case.

Third, and perhaps most importantly, in seeking reconsideration defendant conveniently ignores (1) the manner in which I ordered the names and addresses of its employees to be disclosed – "attorney's eyes only," (2) the purpose for the disclosure – to permit plaintiffs to fully investigate their claims, and (3) the benefits to defendant's employees that may result if their names and addresses are disclosed to plaintiff's counsel – possible vindication of their rights under the Fair Labor Standards Act.  Whatever "general privacy interest" defendant's employees may have in protecting against the disclosure of their names and addresses is *de minimis* when compared to the plaintiffs' interests in obtaining that information.  *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989) (noting that the right to privacy in names and addresses is elastic and must be balanced against the need for disclosure and the person requesting disclosure).  If defendant's employees have relevant information concerning plaintiffs' claims, they should be required to disclose it, and their interest in privacy, if any, does not outweigh the need for such disclosure.  Those employees' privacy rights are also protected because their home addresses and telephone numbers will not be disclosed to the public, the government, or to the plaintiffs themselves.  Finally, the employees' privacy rights are outweighed by the possible benefits they may enjoy if they have been injured in

---

[2]  The other decisions upon which defendant relies in seeking reconsideration, *Burka v. New York City Transit Auth.*, 110 F.R.D. 660 (S.D.N.Y. 1986), *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122 (N.D.N.Y. 1984), and *Dean Witter Reynolds v. NYS Exec. Dept*, 98 App.Div.2d 676 (1st Dept. 1983), are not only inapposite, they are not "controlling" in that they were not issued by courts that are "superior" to this Court.

the same way as plaintiffs allege they have been. If, on they other hand, the employees do not wish to become plaintiffs in this case, they do not have to.[3]

I also note that it is routine in this District for judges to order the disclosure of the names and addresses of a defendant's employees in a Fair Labor Standards Act case such as this. I see no reason to depart from that well-settled practice.

2. Stay of Enforcement of October 5, 2008 Order

That portion of the motion seeking a stay of the "enforcement" of the October 5, 2008 Order compelling disclosure of the names and addresses of defendant's employees is denied. I find that the motion for reconsideration lacks an adequate basis in law or fact, that the prospects of reversal by the District Judge are slim, and that there is no reason to delay disclosure of the names and addresses of defendant's employees.

3. Extension of Date to Produce Proof of Compensation Paid to Soukouna

The Court grants the request for an extension until October 30, 2008 to produce proof of total compensation paid to plaintiff Soukouna.

---

[3] Defendant's argument that it is unfair to require it to disclose the names and home addresses of its employees while plaintiffs are not similarly required to disclose their home addresses, (Motion to Reconsider at 3), is ludicrous. Defendant will be able to obtain discovery from plaintiffs directly through their counsel, including contacting them for depositions, without the need to disclose their home addresses. Plaintiffs, on the other hand, will find it extremely difficult, if not impossible, to contact defendant's employees without the disclosure of those employees' names and home addresses. Also, defendant does not have the right to shield its employees from direct contact with plaintiffs' counsel.

4. Extension of Time to File Sanctions Motion

The Court grants the request for an extension until after depositions are completed to file a motion for sanctions.

**Dated:** **Brooklyn, New York**
**October 16, 2008**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**